**JUN–YU CHEN, Petitioner,**

v.

**Attorney General Alberto R. GONZALES, Respondent.**

No. 05–1522–ag.

United States Court of Appeals, Second Circuit.

July 28, 2006.

Jun–Yu Chen, pro se, El Monte, California, for Petitioner.

Alberto R. Gonzales, U.S. Attorney General; Edward E. McNally, United States Attorney; James E. Crowe, III, Assistant United States Attorney, Southern District of Illinois, Fairview Heights, Illinois, for Respondent.

## SUMMARY ORDER

Jun–Yu Chen, *pro se,* petitions for review of the BIA's March 2005 order affirming Immigration Judge ("IJ") Barbara A. Nelson's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the decision of the IJ without opinion, this Court reviews the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's adverse credibility determination. The IJ accurately observed that Chen omitted from her written application two attempted arrests by family planning officials, and that Chen initially testified that village officials dragged her off a public bus and to a hospital to have a physical examination, but then stated she "was not really dragged by them." In addition, the IJ accurately identified an inconsistency between Chen's testimony that she had an abortion in May 2000, and her credible fear interview indicating that the abortion occurred in August 2001. The IJ properly discounted Chen's explanation for this inconsistency—namely, that she gave the incorrect date because her head was not clear due to the ten-hour flight—inasmuch as it had been four days since her arrival in the United States. Further, the IJ reasonably found that the letter from Chen's father contradicted her story when Chen claimed that, after the abortion, she awoke to find her parents sitting beside her in tears, but her father stated in his letter that he was not allowed to "go in," and that several hours later, Chen came out "pale looking." These inconsistencies and omissions were material to Chen's claim that the family planning officials persecuted her and thus provided valid grounds to support the IJ's adverse credibility determination.

The IJ also accurately observed that Chen omitted from her airport statement her claim that she had a forced abortion, and acknowledged Chen's explanation that she "wasn't asked." However, the IJ's reasoning in weighing the omission against Chen's claim was in part flawed, inasmuch as she misunderstood Chen to explain that the omission was due to the fact that she was still recovering from her

ten-hour flight, even though Chen had given that reason instead to explain the inconsistency between her credible fear interview and testimony. Additionally, the record reveals that Chen refused to sign the airport statement. Nevertheless, because the record reveals that the airport statement clearly comports with the factors used to evaluate reliability set forth in *Ramsameachire v. Ashcroft,* 357 F.3d 169, 180 (2d Cir.2004), the IJ was entitled to rely on the airport interview.

■ Moreover, the IJ properly declined to admit Chen's medical evidence, because she had specifically told Chen's counsel that the deadline for submission of the documents was ten days prior to the hearing scheduled for June 4, 2003, and counsel did not submit the document until October 2003. In addition, the document was partially illegible and was unaccompanied by the physician's curriculum vitae.

On the other hand, the IJ erroneously faulted Chen for offering "almost no detail whatsoever regarding her abortion." While the IJ or counsel might have "probe[d] for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility," *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003), with regard to the abortion or its forced nature, they did not do so.

This case need not be remanded on the adverse credibility finding. Because of the material inconsistencies and omissions identified in the record, it is possible to "confidently predict" that on remand the IJ would reach the same result regarding Chen's credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). In addition, because Chen failed to raise the issue of CAT relief in her petition for review, it is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7

(2d Cir.2005). However, this case is remanded on the frivolousness finding, because it is unclear whether the IJ would have reached the same determination absent the errors noted.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the decision of the BIA is VACATED in part with respect to the frivolousness finding, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).